UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                    Case No.: 8:22-cv-1939-TPB-AAS

TARONIS TECHNOLOGIES, INC.
(n/k/a BBHC, INC.), et al.

    Defendants.
_____/

## ORDER

Plaintiff Securities and Exchange Commission (the SEC) moves for entry of a default judgment against Defendant Taronis Technologies, Inc., n/k/a BBHC, Inc. (Taronis Tech). (Doc. 50). Taronis Tech did not respond, and the time to do so has expired. *See* Local Rule 3.01(c), M.D. Fla.

**I.    BACKGROUND**

On August 24, 2022, the SEC filed this action against Defendants Taronis Fuels, Inc., Scott Maloney, Tyler Wilson, and Taronis Tech (collectively, the defendants). (Doc. 1). The complaint contains twenty-four counts against the defendants, including claims of alleged securities fraud, in alleged violation of § 17(a) of the Securities Act of 1933 and § 10(b) of the Securities Exchange Act of 1934 (the Exchange Act), and aiding and abetting inaccurate or misleading statements or omissions in SEC filings, corporate

1

certifications, and statements to accountants, in violation of § 13(a) and(b) of the Exchange Act and various SEC rules. (*Id.*, pp. 54–75).

On August 29, 2022, the SEC served Taronis Tech with the summons and the complaint through its registered agent. (Doc. 11). Taronis Tech did not respond, and a Clerk's default was entered against it. (Doc. 18). On November 2, 2022, consent judgments were entered against Taronis Fuels, Inc. and Mr. Mahoney. (Docs. 32, 33). On November 3, 2022, Mr. Wilson moved to dismiss the SEC's action, which is currently pending.[1] (Doc. 34).

The SEC now moves for default judgment and requests a permanent injunction against future violations and a civil money penalty against Taronis Tech. (Doc. 50).

## II. ANALYSIS

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the

---

[1] Mr. Wilson joined Taronis Tech in June 2017 and served as Taronis Tech's general counsel. From September 1, 2019 through November 4, 2020, Mr. Wilson served as Taronis Tech's chief financial officer. (Doc. 1, ¶ 10).

2

allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

This general rule, however, has exceptions. "[I]n cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). The purpose behind this result is the prohibition against logically inconsistent judgments. *See Frow*, 82 U.S. at 554. The United States Court of Appeals for the Eleventh Circuit has also extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed joint. In this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

The rationale of *Frow* and *Gulf Coast Fans* applies here. Entering a default judgment against Taronis Tech raises the possibility of inconsistent judgments should Mr. Wilson successfully defend against the SEC's claims.

3

Accordingly, a renewed motion for default judgment against Taronis Tech may be filed after the case is resolved against Mr. Wilson.

### III. CONCLUSION

For the reasons above, SEC's Motion for Entry of Default Judgment Against Defendant Taronis Tech (Doc. 50) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida on February 2, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge